IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES ELLWOOD GWATHNEY,**

      **Petitioner,**

  v.                                    **CIVIL ACTION NO. 5:10cv34**
                                                    **(Judge Stamp)**

**J. ZIEGLER, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 22, 2010, the *pro se* petitioner, Charles Gwathney, an inmate at FCI Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on March 24, 2010. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On August 11, 2004, the petitioner was indicted by a grand jury for the District of New Mexico and charged with possession with intent to distribute 100 kilograms and more of a mixture and substance containing a detectible amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (See 1:04-cr–01553-WJ-1, Doc. 20). On December 15, 2004, following a jury trial, the petitioner was convicted as charged. (Id., Doc. 66). On May 25, 2005, the petitioner was sentenced to 187 months imprisonment to be followed by eight years of supervised release. (Id., Doc. 91). The petitioner then appealed his conviction to the Tenth Circuit Court of Appeals, which upheld his

1

conviction and sentence in a published decision.[1] The petitioner's petition for writ of certiorai to the United States Supreme Court was denied.[2] On September 10, 2007, the petitioner filed a Motion pursuant to 28 U.S.C. § 2255 making the following claims: (1) that his trial counsel was ineffective by failing to protect his Fourth Amendments Rights by failing to argue that the search of the sleeper compartment was warrantless and without probable cause; (2) that his trial counsel was ineffective for failing to protect his Fifth Amendment Rights by failing to investigate the case, refusing to obtain exculpatory evidence and failing to challenge the sufficiency of the evidence; (3) that his trial counsel was ineffective for failing to obtain evidence that would refute the Government's evidence; (4) prosecutorial misconduct for manufacturing and presenting false evidence; and (5) actual innocence.(See 1:04-cr-01533-WJ-1, Doc. 106). On March 4, 2008, the Magistrate Judge assigned to the case issued a twenty page Report and Recommendation which recommended that the petitioner's § 2255 Motion be denied and dismissed with prejudice. (Id., Doc. 116). Following a review of the petitioner's objections, the district judge conducted a *de novo* review of those portions of the Report and Recommendations to which objections were made and entered an order adopting the Report and Recommendation on May 21, 2008. (Id., Doc. 124). On that same date, the district judge entered a Judgment dismissing the § 2255 with prejudice. (Id., Doc. 125). The petitioner filed a Notice of Appeal on June 17, 2008, and on October 31, 2008, the Court of Appeals entered an Order denying a certificate of appealability and dismissing the appeal. (Id. Docs., 129, 131). The petitioner's petition for writ of certiorai was subsequently denied.[3] On July 22, 2009, the Court of Appeals denied the petitioner's motion for authorization to file a second or successive § 2255 motion. (See 1:04cr-01553-

---

[1] United States v. Gwathney, 465 F.3d 1133 (10th Cir. 2006).

[2] 127 S.Ct. 2151 (2007).

[3] 129 S.Ct. 1636 (2209).

WJ-1, Doc. 140).

### III. Claims of the Petition

The petitioner asserts that he is serving a conviction and sentence in violation of the Federal Constitution of the United States. In addition, the petitioner asserts a claim of actual innocence. For relief, the petitioner asks this court to "construe this application liberally...and if it cannot address the merit by the title of the application to please recharacterize it which will allow this court to address the merits." (Doc. 1, p. 11). In addition, the petitioner requests an evidentiary hearing to have the record reflect the true factual material needed for a fair ruling and to prove actual innocence.

### IV. Analysis

#### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

3

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 21 U.S.C. §§ 841(a)(1) and (b)(10(B) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, to the extent that the petitioner requests that this court recharacterize his application in a manner which will allow it to address the merits, it is not within the province of this court to, in effect, provide legal advice to the petitioner.[4] Moreover, because the petitioner has already filed a § 2255 petition, which was denied by the sentencing court, this is not a situation in which the court could notify the petitioner of his right to proceed under § 2255.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the

---

[4]In making this statement, the undersigned in no way implies that the petition could be recharacterized so as to give this court jurisdiction to entertain a review of the petitioner's conviction and sentence.

4

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: March 29, 2010

       /s/ James E. Seibert
       JAMES E. SEIBERT
       UNITED STATES MAGISTRATE JUDGE