IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES ELLWOOD GWATHNEY,

    Petitioner,

v.                                         Civil Action No. 5:10CV34
                                                           (STAMP)
J. ZIEGLER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Charles Ellwood Gwathney, was convicted by a jury in the District of New Mexico of possession with intent to distribute 100 kilograms and more of a mixture and substance containing a detectible amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The petitioner was sentenced to 187 months imprisonment, to be followed by eight years of supervised release. The petitioner appealed his conviction to the United States Court of Appeals for the Tenth Circuit, which upheld the conviction. The United States Supreme Court denied the petitioner's petition for writ of certiorari.

Thereafter, the petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion was later denied and dismissed with prejudice. The petitioner filed a

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

notice of appeal, but the appeal was dismissed following a denial of a certificate of appealability. The petitioner's petition for writ of certiorari was subsequently denied. The petitioner was also denied authorization to file a second or successive § 2255 petition.

Now, the petitioner has filed an application for habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is serving a conviction and sentence in violation of the Federal Constitution of the United States. He further asserts a claim of actual innocence. This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

The magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied and dismissed. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

The magistrate judge recommended to this Court that the petitioner's § 2241 petition be dismissed because the petitioner's claims are not properly raised under § 2241 because he is not challenging the manner in which his sentence is being executed. Moreover, the magistrate judge found that the petitioner cannot invoke the savings clause in § 2255, permitting relief to be sought under § 2241, because the petitioner's § 2241 petition does not meet all of the necessary requirements. The petitioner filed objections reiterating his original arguments.

This Court agrees with the magistrate judge that the petitioner has improperly filed a § 2241 motion. A § 2241 motion is used to attack the manner in which a sentence is executed. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (1973). In his petition, however, the petitioner is in effect challenging the validity of his conviction and sentence.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1994 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

Here, the petitioner has failed to establish the elements required by Jones because a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) remains a criminal offense. Therefore, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition.

Finally, to any extent that the petitioner requests that this Court recharacterize his application in a manner which will allow it to address the merits, this Court cannot do so because it would be, in effect, providing legal advice to the petitioner.

Furthermore, because the petitioner has already filed a § 2255 petition, previously denied by the sentencing court, this Court cannot notify the petitioner of his right to proceed under § 2255.

IV. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: August 9, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE